# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

October 11, 2007

James Langton
Langton & Alter, Esqs.
2096 St. Georges Avenue
PO Box 1798
Rahway, NJ 07065

    (*Attorney for Plaintiff*)

Marla Piazza-Siegel
Office of the U.S. Attorney
26 Federal Plaza
Room 3904
New York, NY 10278

    (*Attorney for Defendant*)

    RE:    <u>Rodriguez v. Commissioner of Social Security</u>
             <u>Civ. No. 06-4898 (WJM)</u>

Dear Counsel:

    Plaintiff Elba Rodriguez ("Plaintiff") brings this motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA) § 204(a), 28 U.S.C. § 2412(d) (2000).  She seeks fees as the prevailing party in her appeal of the Social Security Administration Commissioner's denial of social security benefits.  Both parties agree that Plaintiff is the prevailing party as defined by EAJA and is thus entitled to an award of attorney's fees.  However, this Court reduces Plaintiff's award in consideration of her dilatory litigation tactics.  Accordingly, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

**Facts and Proceedings**

Plaintiff files this motion after successfully appealing the denial of her claim for social security benefits.  In 1995, Plaintiff filed a claim for social security benefits with the Commissioner of the Social Security Administration.  The Commissioner denied her claim as well as her subsequent appeals, and Plaintiff filed a complaint in this Court appealing the denial.  With the consent of both parties, this Court reversed the Commissioner's determination and remanded Plaintiff's claim for further proceedings.

During Plaintiff's appeal to this court, Plaintiff failed to follow this Court's Local Civil Rules, delaying the resolution of her appeal and resulting in unnecessary legal fees.  Local Civil Rule 9.1 requires plaintiffs challenging a denial of social security benefits to file a statement of primary arguments within fourteen days of receiving the Commissioner's answer.  Plaintiff, however, waited five months after receiving the Commissioner's answer and then filed a full appellate brief.  The work that Plaintiff's counsel performed writing this brief accounted for the majority of Plaintiff's attorney's fees, requiring 19.2 of the 24.7 hours Plaintiff's counsel spent on her case.  After learning of the precise nature of Plaintiff's arguments from this brief, the Commissioner immediately consented to this Court's reversal and remand.

Plaintiff now moves to recover attorney's fees under EAJA for these 24.7 hours of work.

**Discussion**

EAJA allows this Court to award attorney's fees to the prevailing party in an action brought against the United States. § 2412.  Both parties agree that this Court's reversal and remand of the Commissioner's determination makes Plaintiff the prevailing party under EAJA, entitling her to attorney's fees.

However, this Court declines to award Plaintiff attorney's fees for all 24.7 hours of work.  EAJA allows this Court to reduce awards of attorney's fees if the prevailing party engaged in conduct that unreasonably protracted the final resolution of the matter.  Here, Plaintiff's failure to file a statement of primary arguments early in the appeal—as required by Local Rule 9.1—appeared to delay the resolution of this matter.  This delay was not costless; Plaintiff's attorney took that time to spend 19.2 hours writing a full appellate brief.  Acknowledging that drafting a statement of primary arguments would have taken some time but not the 19.2 hours needed to draft a full appellate brief, this Court awards attorney's fees for 7.2 of the 19.2 hours that Plaintiff's counsel spent on the brief, or 12.7 hours total.

Accepting Plaintiff's requested hourly attorney's fees rate, $161.25, which Defendant does not challenge and which appears reasonable in light of New Jersey's cost of living, this Court awards Plaintiff $2,047.88 in attorney's fees.

### Conclusion

For the foregoing reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**, and this Court awards Plaintiff $2,047.88 in EAJA attorney's fees. An appropriate Order accompanies this Letter Opinion.

s/William J. Martini

**William J. Martini, U.S.D.J.**

3